IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Russell Bruce Gillott, | ) | No. CIV 09-0849-PHX-FJM (DKD) |
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

TO THE HONORABLE FREDERICK J. MARTONE, U. S. DISTRICT JUDGE:

Russell Bruce Gillott filed a timely writ of habeas corpus, challenging his convictions following a guilty plea on two counts of attempted sexual conduct with a minor and one count of sexual conduct with a minor, and the imposition of consecutive terms totaling 35 years, to run concurrent with lifetime probation. He raises two grounds for habeas relief: his constitutional right to the effective assistance of counsel was violated during plea advice and at the change of plea proceeding, and his statements constituted an insufficient factual basis. Respondents contend that the ineffective assistance claims are without merit, and that the claim of insufficient factual basis is not cognizable on habeas review.[1] For the reasons stated below, the Court recommends that the petition be denied and dismissed with prejudice.

---

[1] Because Gillott conceded in his Reply that habeas review of his second ground is barred by his guilty plea, the Court will not discuss it.

**BACKGROUND**

Following the entry of his guilty plea and sentencing, Gillott initiated post-conviction proceedings by filing a Notice of Post-Conviction Relief (Doc. #20, Exh E). The trial court rejected a petition filed by Gillott's sister, and granted his request to reinstate proceedings (*Id.*, Exh F, G). Thereafter, Gillott filed a petition, to which the State responded, and Gillott filed a reply (*Id.*, Exh H, I, J). The trial court granted the State's motion to strike Gillett's Reply, striking all facts and arguments not raised in the petition for post-conviction relief (*Id.*, Exh K, L). Gillott filed a revised Reply (*Id.*, Exh M). The trial court dismissed all but the ineffective assistance claims, and ordered an evidentiary hearing, ruling in pertinent part as follows:

> With respect to Defendant's claim that the ingestion of Prozac had some sort of impact at the time of his change of plea, the Court finds that the Defendant expressly denied that the medication had any effect on his ability to understand what was happening during the change of plea proceeding. Furthermore, Defendant did not provide any affidavit by an expert that Defendant's medication somehow impaired his ability to understand his plea agreement or the change of plea process.

(*Id.*, Exh N).

Following the evidentiary hearing, the trial court dismissed the petition, ruling as follows:

> This matter has been under advisement on Defendant's Petition for Post Conviction Relief. The court has considered said petition, the State's response, the Defendant's reply thereto, along with the Notice and Filing of Defendant's Certification and Personal Affidavit, as well as the testimony, evidence and arguments presented at the parties' evidentiary hearing. The Petitioner/Defendant asserts that he did not receive the effective assistance of counsel because his lawyer failed to fully communicate the State's plea offer and the possible penalties should he enter a change of plea.
>
> At his evidentiary hearing, the Defendant stated that, "I guess I lied" when he told the Court that he had read his plea agreement and, without expressly saying so, implied that he had lied when he stated that his attorney had explained the agreement to him. Further, by virtue of his petition, the Defendant must have also mislead the Court when he stated that the agreement contained everything that he and the State had agreed upon, as well as his statement that he understood the

agreement. While the Defendant stated that he would rather have gone to trial if he had known that he was eligible for prison on two of the three counts, he indicated at the time of his change of plea that he waived his right to a jury trial (see pages 6-7 of the plea transcript).

The Court finds that the Defendant's trial counsel met with the Defendant sometime before the change of plea proceeding, counsel stating that it was his practice to "never, ever sign clients up on the chain."

The Court further finds that the Defendant's trial counsel fully explained the terms of the plea agreement, including the possible penalties and the structure of any sentence (e.g., the underlined portion of paragraph 1, page 2, of the plea agreement) to be received by the Defendant.

The Court further finds that former counsel's, as well as the State's, reading of the change of plea transcript at page 5, lines 15-18, is supported by the Court's explanation of the possible penalties at lines 19-25 on the same page. In other words, the initial explanation at lines 15-18 more likely than not reads "Your agreement says there are no agreements as to sentencing as to count 6. And count 12, you will be placed on lifetime probation. On count 9, you will be committed to the Department of Corrections." (The Court notes that count 6 was changed to count 4 later on during the change of plea proceedings and there is no dispute about that change.) The aforesaid reading is further supported by the statements made by former counsel and the State's attorney to the effect that they would have corrected the Court if an erroneous explanation had been given to the Defendant. Indeed, the explanation given by the Court at lines 19-25 is entirely consistent with the terms of the agreement itself.

Accordingly,

IT IS ORDERED denying, with prejudice, the Defendant's ineffective assistance of counsel claim.

Because the Defendant received an aggravated sentence on count 4, and the Court having previously found that the Defendant's petition was pending when *Blakely v. Washington* was decided, the Defendant was entitled to a jury trial on the issue of whether any aggravating factor existed. Because no showing has been made that the Defendant waived his right to a jury trial for the aggravation phase, and the Court having previously found that the Defendant's statements at sentencing did not concede any aggravating factors on which the Court could enhance his sentence beyond the presumptive,

> IT IS ORDERED scheduling this matter for a Status Conference on September 12, 2006 at 8:45 a.m. to determine a date for a sentencing hearing on count 4.

(*Id.*, Exh P).

Following this ruling, the parties waived a jury trial regarding possible aggravators and stipulated to Gillott being resentenced to the presumptive term (*Id*., Exh Q). Gillott's petitions for review in the court of appeals and supreme court were denied (Doc. #1, Appendix, Items 9, 10).

## DISCUSSION

Gillott argues that trial counsel was ineffective during the plea negotiations and at the change of plea proceeding. He contends that counsel failed to sufficiently explain the following aspects of the State's plea offer: (1) whether the sentences could include more than one prison term; (2) whether the mandatory prison sentence was required to be served "flat time," without eligibility for early release; and (3) whether any prison sentence other than the mandatory sentence would be required to be served consecutively.

During the change of plea colloquy, Gillott acknowledged the three offenses to which he was agreeing to plead guilty. In addition, the trial court informed Gillott of the following specific aspects of sentencing: (1) the range of sentences on all three offenses; (2) the availability of lifetime probation for the attempted sexual conduct offenses; (3) that there were no agreements as to sentencing on Count 6 (one of the attempted sexual conduct counts); (4) that on Count 12 (the other attempted sexual conduct charge), he would be placed on lifetime probation; (5) that on Count 6, he would either receive lifetime probation or a prison term; (6) that Gillott had read the plea agreement, that his attorney had explained it to him, and that it contained everything that he and the State had agreed to about how his case would be resolved; and that Gillott understood all of these provisions (*Id.*, Exh H, Attachment C at 4-6).

Gillott argues in his petition that it was his understanding that he would receive a prison term on one count and probation on the two other counts. He contends that his

- 4 -

understanding was justified, citing several portions of the state court record. He first points to the clause in the plea agreement making the two counts of attempted sexual conduct probation eligible. He also contends that a portion of the transcript of the change of plea hearing is consistent with his understanding. The transcript provided by the Court Reporter indicates the following statement by the trial court made to Gillott during the change of plea colloquy:

> THE COURT: Your agreement says there are no agreements as to sentencing. As to Count 6 and Count 12, you will be placed on lifetime probation. On Count 9, you will be committed to the Department of Corrections.
>
> So, in other words, on the completed sexual conduct of a minor, Class 2 felony, you will be sentenced to some term in the Department of Corrections, be up to the Court to decide. On Count 12, attempt, you will be placed on lifetime probation. *On the other attempt, either probation or prison: is that your understanding?*
>
> THE DEFENDANT: Yes, sir.

(*Id.*, Exh H, Attachment C at 5) (emphasis added).

Gillott further maintains that his confusion regarding the role of the public defender in his representation might have justified his misunderstanding. Although the public defender had been appointed to represent him, *Knapp*[2] counsel had also been retained to associate with appointed counsel.[3] He contends that he was under the impression that he was being represented by this private attorney and not the public defender. He testified at the evidentiary hearing that he first heard of the plea offer at the time his public defender visited him in jail and described the terms of the offer. He also testified at the evidentiary hearing that he could not effectively review the plea offer either in jail or during the change of plea proceedings because he did not have his glasses. He maintains that trial counsel could not have read the plea agreement to him "word for word" during the jail visit as counsel testified,

---

[2]*Knapp v. Hardy*, 523 P.2d 1308, 1312 (1974).

[3]*Knapp* counsel later withdrew from representation.

- 5 -

1  because had he done so he would have noticed that the agreement did not specify that the
2  sentence was to be served as "flat time." He contends that neither the trial court nor counsel
3  informed him of this special condition. Finally, he contends in his petition that having taken
4  his prescribed dose of an anti-depressant prior to the change of plea made him impaired and
5  that trial counsel failed to ensure that he understood the proceedings.

6        The plea agreement indicates the sentencing range for each charge and the transcript
7  of the change of plea proceedings reflects the following recitation of that range by the trial
8  court: that one charge was mandatory prison, one charge was probation eligible, and that
9  Gillott could be sentenced to prison or given a probationary term on the third charge (*Id.*, Exh
10 B, H). Gillott's citation to the transcript portion involving part of the colloquy does not aid
11 his position. As both trial counsel and the county attorney stated at the evidentiary hearing,
12 and as the trial court concluded in its denial of his post-conviction petition, there was a
13 transcription error. Assuming Gillott had been confused by what the trial court initially
14 stated concerning the possible sentences, it was clarified in the following sentence, where the
15 trial court repeats the sentencing possibilities to Gillott, making clear to him that on one
16 count he would be placed on lifetime probation and on the other, *either prison or probation*
17 was possible. Gillott then indicated that he understood what the trial court had just explained
18 to him.

19       Regarding the imposition of consecutive sentences, the trial court informed Gillott that
20 the plea agreement required that "[e]ach sentence imposed for any dangerous crime against
21 children offense must be served consecutively to each other..." (*Id.*, Exh B at 2, Exh H,
22 Attachment C at 5). Again, Gillott indicated that he understood this special condition. The
23 record indicates that Gillott was well-informed of the sentencing possibilities. In addition,
24 Gillott has not established that any substitution of counsel was the cause of a
25 misunderstanding. His contention that there was no discussion about a plea offer prior to
26 substitution of counsel is inaccurate. A settlement conference occurred more than nine
27 months prior to the change of plea hearing (*Id.*, Exh R). In addition, the Court agrees with
28

Respondents that the question of when the terms of the plea offer were explained to Gillott is not determinative of his understanding of its terms and conditions.

Gillott's assertion that counsel failed to inform him of the "flat time" provision is not relevant to his claim that his understanding of the plea agreement included prison time on one count and probation on the other two counts. In addition, Gillott has not shown that either the trial court or counsel was required to inform him of this provision. The trial court evaluated Gillott's testimony and determined that trial counsel had fully explained the terms of the plea agreement to him. Gillott's contention concerning his glasses was made for the first time in his reply brief in the post-conviction proceedings; it was information that was known to him prior to that time. Therefore, the trial court properly struck this portion of the brief, and sustained the government's objection to Gillott's attempt to present this evidence at the evidentiary hearing. Assuming the truth of his assertion, it would not negate his declaration in open court that his attorney had read the plea agreement to him and explained its provisions. His assertion concerning any possible side effect of his medication is also without merit. He avowed to the trial court that it had no effect on his ability to understand the proceedings; his response to questions during the colloquy confirms this.

Other than self-serving avowals, Gillott has presented no evidence to establish that his guilty plea was the product of any misunderstanding brought on by trial counsel's deficient performance. His declarations in open court carry a strong presumption of truth. *United States v. Moore*, 599 F.2d 310, 314 (9th Cir. 1979). In addition, the trial court made the following factual determinations: (1) that counsel had fully explained the terms of the plea offer, "including the possible penalties and the structure of any sentence"; (2) that a transcription error occurred; and (3) that his claim of impairment from the ingestion of an anti-depressant is contradicted by the record, and is not supported by the production of any medical evidence. These factual determinations are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1). Gillott has not rebutted this presumption with clear and convincing evidence to the contrary. *Id*. The decision by the trial court was objectively

reasonable in light of the evidence presented in the state court proceeding. *See* § 2254(d)(2).

**IT IS THEREFORE RECOMMENDED** that Russell Bruce Gillott's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because Gillott has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 25th day of May, 2010.

_____
David K. Duncan
United States Magistrate Judge