**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Russell Bruce Gillott,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV-09-00849-PHX-FJM<br><br>**ORDER** |

The court has before it Russell Gillott's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 20), and petitioner's reply (doc. 23). We also have before us the United States Magistrate Judge's report and recommendation (doc. 24), petitioner's objections (doc. 27), and respondents' response (doc. 28).

**I**

In 2003, petitioner pled guilty in the Superior Court of Arizona in Maricopa County to one count of sexual conduct with a minor (Count 9) and two counts of attempted sexual conduct with a minor (Count 4, renumbered from Count 6, and Count 12). A.R.S. §§ 13-1001, -1405. Under a plea agreement, petitioner stipulated to no sentencing recommendations for Count 4, committal to the Arizona Department of Corrections for Count 9, and lifetime probation for Count 12. The court sentenced him to 15 years on Count 4, 20 years on Count 9, and lifetime probation on Count 12. Because of the sentencing

1 provisions for dangerous crimes against children, petitioner is ineligible for early release on Count 9, and the sentence on Count 4 must be served consecutive to the sentence on Count 9. A.R.S. § 13-604.01 (current version at A.R.S. § 13-705).

In a petition for post-conviction relief, petitioner claimed ineffective assistance of counsel. At an evidentiary hearing, he asserted that his former counsel did not adequately inform him that he could receive a sentence other than probation on Count 4, he would be ineligible for early release on Count 9, and he would serve potential multiple sentences consecutively. He also asserted that his misunderstanding of the plea agreement continued through the change of plea hearing because the court said, as transcribed, "Your agreement says there are no agreements as to sentencing. As to Count 6 and Count 12, you will be placed on lifetime probation." Answer, Ex. H, Attachment C at 5. In support, his sister testified that he had told her that he would receive 13 years on one count and probation on two other counts. Petition, Ex. 6 at 63. His former counsel, however, testified that he read and explained the plea agreement to petitioner, which included the stipulation to no recommendation on Count 4 and a provision on serving consecutive sentences. Id. at 44-46. He also said that he informed petitioner of his ineligibility for early release. Id.

In the last reasoned state court decision, the court denied petitioner's claim on the merits. It found that petitioner's former counsel met with petitioner and "fully explained the terms of the plea agreement, including the possible penalties and the structure of any sentence." Answer, Ex. P at 2. The court also found that the change of plea hearing transcript more likely should have read: "Your agreement says there are no agreements as to sentencing as to count 6. And count 12, you will be placed on lifetime probation." Id.

Petitioner renews his ineffective assistance of counsel claim in his petition for a writ of habeas corpus. To prevail, he must show that the state court decision "was contrary to, or involved an unreasonable applicable of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To the extent that he challenges a state court determination of a factual issue

based on evidence extrinsic to the state court record, that is, evidence presented for the first time in federal court, he must rebut a presumption of correctness by clear and convincing evidence. Id. § 2254(e)(1); Taylor v. Maddox, 366 F.3d 992, 1000 (9th Cir. 2004) (interpreting § 2254(e)(1) to apply only to challenges based on extrinsic evidence); cf. Wood v. Allen, __ U.S. __, __, 130 S. Ct. 841, 848-49 (2010) (citing Taylor and noting that the Court has not resolved a circuit split on the correct application of § 2254(e)(1)).

Under clearly established federal law, a defendant claiming ineffective assistance of counsel must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" based on an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064 (1984). In the context of a guilty plea, a defendant must also show prejudice by showing a reasonable probability that he would have insisted on going to trial but for counsel's errors. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

After de novo consideration of the issues, we accept the Magistrate Judge's recommended decision and deny petitioner's claim.

**II**

In his Objection, petitioner maintains that the state court unreasonably found that his former counsel informed him of the consequences of accepting the plea agreement and pleading guilty. Petitioner asserts that his former counsel's testimony was not credible because he said that his explanations were always understood by his English-speaking clients, he read every word of the plea agreement to petitioner, and he explained petitioner's ineligibility for early release to him even though it was not covered in the plea agreement. We agree with the Magistrate Judge that the state court was in the best position to evaluate the credibility of a witness. Nothing about the testimony of petitioner's former counsel suggests that the state court unreasonably determined the facts.

Petitioner also objects to the Magistrate Judge's conclusion that he fails to show that either the trial court or counsel was required to inform him of his ineligibility for early release. Petitioner relies on authority based on a trial court's general obligation to accept

1 only knowing and voluntary guilty pleas and the Arizona Rules of Criminal Procedure, which
2 specifically mention an understanding of special conditions regarding parole. See State v.
3 Djerf, 191 Ariz. 583, 594, 959 P.2d 1274, 1285 (1998) (citing Boykin v. Alabama, 395 U.S.
4 238, 89 S. Ct. 1709 (1969), and Rule 17.2, Ariz. R. Crim. P.). As a matter of clearly
5 established federal law, however, "the Supreme Court has never held that the United States
6 Constitution requires furnishing a defendant with information about parole eligibility in order
7 for a guilty plea to be deemed voluntary." Lambert v. Blodgett, 393 F.3d 943, 981 n.26 (9th
8 Cir. 2004). Therefore, petitioner would not be entitled to relief on this issue even if his
9 former counsel had not explained his ineligibility for early release to him.

10 Next, petitioner objects based on the state court's failure to address his sister's
11 testimony. To render a resulting finding unreasonable, unaddressed evidence must be
12 "highly probative and central" to a petitioner's claim. Taylor, 366 F.3d at 1001. Petitioner
13 contends that his sister's testimony corroborated his misunderstanding of the plea agreement.
14 His sister testified that he said he would receive 13 years on one count and probation on the
15 other two. This is consistent with petitioner's best-case scenario under the plea agreement,
16 but it is inconsistent with his position that he understood that "there was no agreement or
17 stipulation to any particular amount of time in prison." Reply at 10. Moreover, evidence that
18 petitioner misunderstood the plea agreement is not highly probative that it was caused by the
19 ineffective assistance of counsel. "Considered in the context of the full record bearing on the
20 issue presented in the habeas petition," Taylor, 366 F.3d at 1001, his sister's unaddressed
21 testimony does not suggest that the state court's findings were unreasonable.

22 Petitioner also asserts that the transcript from the change of plea hearing reflects what
23 he actually heard, which was a pause between "sentencing" and "as to Count 6." Thus, he
24 contends that he reasonably continued to believe that he would receive probation on two
25 counts. If petitioner heard a pause, however, he would necessarily have heard the court say,
26 "Your agreement says there are no agreements as to sentencing," as a complete statement.
27 Such a statement would have been inconsistent with petitioner's claimed understanding of
28 the plea agreement. In any case, as the Magistrate Judge explains, the court subsequently

clarified the terms of the plea agreement. We reject petitioner's objection based on his understanding of the change of plea hearing.

Petitioner's remaining objections concern whether he intentionally misled the state court, the evidentiary weight of a statement waiving the right to a jury trial, the circumstances surrounding a settlement conference, and whether a statement should be attributed to the state court or to petitioner. We reject these objections because they are insubstantial and tangential to petitioner's ineffective assistance of counsel claim.

We conclude that petitioner fails to show that the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(2). Although he proposes to present evidence concerning his glasses that was excluded from his state court hearing, he does not challenge the state court's evidentiary ruling, and the evidence is otherwise not clear and convincing proof that the state court incorrectly decided a factual issue. See id. § 2254(e)(1). Finally, petitioner points out that the state court's denial of his ineffective assistance of counsel claim is not itself a finding of a fact, but he does not show that the decision was contrary to, or an unreasonable application of, clearly established federal law. See id. § 2254(d)(1). Accordingly, we accept the Magistrate Judge's recommended decision and deny the petition.

**IT IS THEREFORE ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed in forma pauperis on appeal because petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 22nd day of July, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge